UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CORTNEY M. WARD, Petitioner | CIVIL ACTION NO. 1:18-CV-594-P |
| VERSUS | JUDGE DEE D. DRELL |
| USA, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Cortney M. Ward ("Ward") (#42352-044). Ward is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Ward challenges the calculation of his sentence by the BOP.

I. Background

Ward pled guilty to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). See United States v. Ward, 4:15-cr-38 (E.D. Mo.). The Court sentenced Ward to a prison term of 70 months. Ward's federal sentence was ordered to run consecutively to any sentences imposed in the Circuit Court for St. Louis under Docket Nos. 1422–CR00112–01 and 1522–CR01777–01. Ward did not appeal his federal conviction or sentence. Ward v. United States, 4:17-CV-2331, 2018 WL 513797 (E.D. Mo. Jan. 23, 2018).

Ward filed a habeas petition under § 2241 in the Eastern District of Missouri, asking that the court direct the BOP to recalculate his federal sentence to credit him

with additional time.  Ward v. Bureau of Prisons, 4:17-CV-1673 (E.D. Mo.).  The claim was dismissed as unexhausted.  Id.

Ward then filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  Ward's motion was dismissed in part as time-barred and in part as non-cognizable under § 2255.  Ward v. U.S.A., 4:17-CV-2331 (E.D. Mo.).  Ward claimed that the federal sentence was not supposed to run consecutively to his "non-imposed" state sentences.  Id.  Ward asked that all sentences be concurrent, and that his federal jail time be credited accordingly.  Id.  The court found that the sentencing claim was not properly raised under § 2255, but noted:

> Additionally, because the State of Missouri had primary jurisdiction over movant when he was transferred to the Federal Court in his Federal criminal action in United States v. Ward, No. 4:15CR38 AGF (E.D. Mo), it matters not that this Court was the first to sentence movant.  See United States v. Hayes, 535 F.3d 907, 909-10 (8th Cir. 2008); see also, 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the **official detention facility** at which the sentence is to be served.") (emphasis added); Binford v. United States, 436 F.3d 1252, 1256 (10th Cir. 2006) (sentence begins when received into custody for purpose of serving sentence, not when received into custody at an earlier time on a writ for the purpose of adjudicating federal claims).  Thus, because movant began his time in Missouri state custody to begin with, he had to start serving his Missouri state sentence of five (5) years' imprisonment in the Missouri Department of Corrections ("MDOC") on his conviction for revocation of probation prior to the time he could start serving his federal sentence in 4:15-CR-38 (E.D. Mo.).  This Court is unable to designate the BOP as the place at which movant serves his sentence, as it did not have primary jurisdiction at the time of movant's initial arrest.

Id. (footnote omitted).

2

Ward then filed the § 2241 petition now before this Court, seeking credit for an eight-month period that Ward claims was not credited toward his federal or state sentences.

## II. Instructions to Amend

As Ward has been advised by the Eastern District of Missouri, a petitioner seeking relief under § 2241 must first exhaust his administrative remedies through the BOP. See Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (citing United States v. Gabor, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief). An exception to this requirement may be made if the petitioner demonstrates "extraordinary circumstances" such as the unavailability of administrative remedies, the inappropriateness of the remedies, or the futility of pursuing such remedies. Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances." See Castano v. Everhart, 235 F. App'x 206, 207 (5th Cir. 2007) (citing Fuller, 11 F.3d at 62). The petitioner bears the burden of demonstrating the inappropriateness or futility of administrative review. See Fuller 11 F.3d at 62.

Ward does not indicate that he exhausted his sentence computation claim through the BOP's administrative remedy process. Ward should amend his petition to state whether he sought administrative relief, and whether he exhausted through the regional and national levels. Ward should provide documents that establish exhaustion, including the responses received at each level. If Ward did not exhaust,

he must explain what, if any, extraordinary circumstances prevented him from properly exhausting. See Fuller, 11 F.3d at 62.

III. Conclusion

**IT IS ORDERED** that Ward amend his petition within thirty (30) days of the filing of this Order to provide the information outlined above, or dismissal of this action will be recommended under Rule 41(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 1st day of August, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge